IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REGINA C. MEADOWS                                               PLAINTIFF

v.                      CIVIL NO. 04-5170

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Regina C. Meadows brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on April 10, 2002, alleging an inability to work since August 1, 1999,[1] due to a herniated disk, fibromyalgia, permanent nerve damage, chronic pain, shoulder pain, and the residuals from a spinal fusion performed when she was a child. (Tr. 61-64, 337-339). An administrative hearing was held on November 4, 2003. (Tr. 359-387). Plaintiff was present and represented by counsel.

By written decision dated January 22, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 16). However, after reviewing

---

[1] In a letter dated November 7, 2003, plaintiff indicated that her amended onset date might need to be changed to some time after she stopped attempting to work in 2002. (Tr. 101).

all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. (Tr. 19). With the help of vocational expert testimony, the ALJ found plaintiff is able to perform her past relevant work a secretary, an administrative assistant and a special projects coordinator.

Plaintiff appealed the decision of the ALJ to the Appeals Council. After considering the additional evidence submitted, plaintiff's request for review of the hearing decision was denied on May 24, 2004. (Tr. 5-8). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. #'s 7,8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir.

AO72A
(Rev. 8/82)

2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**Discussion:**

In determining whether the ALJ properly disregarded plaintiff's subjective complaints of pain, the court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), in evaluating her pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski*, 739 F.2d at 1322 (emphasis in original).

However, in addition to the requirement that the ALJ consider the plaintiff's allegations of pain, he also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir. 1993).

In his opinion, the ALJ found plaintiff had not been diagnosed with fibromyalgia but noted plaintiff did have characteristic fibromyalgia tender points. (Tr. 17).

AO72A
(Rev. 8/82)

Fibromyalgia involves pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and nonrheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms, exposure to dampness and cold, and by exclusion of contributory or underlying diseases. *See The Merck Manual,* pp. 1369-1371 (16th Edition, 1992). Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body (and the rule of thumb is that the patient must have at least eleven of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient who really has fibromyalgia to flinch.

We recognize that it is difficult to determine the severity of plaintiff's condition because of the unavailability of objective clinical tests. Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not. Michael Doherty & Adrian Jones, *Fibromyalgia Syndrome (ABC of Rheumatology)*, 310 BRITISH MED. J. 386 (1995). The question is whether the plaintiff is one of the minority, or not.

The medical evidence clearly indicates that plaintiff had been diagnosed with fibromyalgia. (Tr. 245-246, 327, 329-332, 353, 356-358).[2] Dr. Craig Milam noted plaintiff exhibited tenderness in fourteen of the eighteen fibromyalgia tender points. (Tr. 357). However,

---

[2] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. (Tr. 5-8) *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

5

it appears the ALJ gave little weight to the diagnosis of fibromyalgia or its debilitating effect. Rather, he focused his attention of plaintiff's reported ability to perform household chores, care for her personal needs, grocery shop, help her godparents and travel on a spiritual mission trip. (Tr. 18). Contrary to the ALJ's assertion, the Eighth Circuit has held, in the context of fibromyalgia cases, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan*, 133 F.3d 583, 588-89 (8th Cir. 1998). Accordingly, plaintiff's ability to perform these tasks does not automatically render her capable of performing work.

Therefore, because the ALJ improperly discredited plaintiff's subjective complaints of pain without considering the impact of her fibromyalgia, we find that his conclusion that plaintiff is not disabled is not supported by substantial evidence in the record as a whole. Accordingly, we believe remand is necessary in order to allow the ALJ to further develop the record regarding plaintiff's fibromyalgia and for a reevaluation of plaintiff's subjective complaints in light of this diagnosis. On remand the ALJ should re-evaluate plaintiff's subjective allegations in accordance with *Polaski*, 739 F.2d at 1322, specifically discussing each *Polaski* factor in the context of plaintiff's particular case.

The ALJ's RFC assessment is also of some concern to undersigned. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own

AO72A
(Rev. 8/82)

descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Given the fact that plaintiff was diagnosed with fibromyalgia, we cannot say that the ALJ's RFC assessment is supported by substantial evidence. The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a full range of light work, relied on an RFC assessment completed by non-examining, medical consultant, indicating plaintiff's ability to perform this level of work. (Tr. 222, 230). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

The ALJ also discounted the opinion of Dr. Milam, who on July 23, 2003, opined plaintiff was unable to work. In discounting Dr. Milam, the ALJ indicated there was no evidence showing that Dr. Milam had seen plaintiff in July of 2003, and that Dr. Milam's treatment notes did not support his opinion that plaintiff was unable to work (Tr. 20). A review of the record reveals plaintiff was seen by Dr. Milam on March 6, 2003, March 21, 2003, April 17, 2003, May 19, 2003, June 19, 2003, October 17, 2003, December 15, 2003, March 5, 2004, and March 8, 2004. (Tr. 246, 327, 329, 330-332, 356-358). These progress notes reveal plaintiff's complaint of pain and that she exhibited tenderness in the tender point areas used to

7

diagnosis fibromyalgia. If the ALJ had questions concerning Dr. Milam's opinion he should have requested Dr. Milam clarify the evidence used to support his opinion that plaintiff was disabled. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984.) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record).

Therefore, on remand, the ALJ is directed to address interrogatories to plaintiff's treating physicians, including Dr. Milam, asking them to review plaintiff's medical records, complete an RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.915. With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and her mental RFC. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment

8

regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

If after proper review of an adequately developed record, the ALJ finds that plaintiff cannot return to her past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can perform. *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995).

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)